UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRAD CHINN,<br><br>        Plaintiff,<br><br>    v.<br><br>THE CITY OF SPOKANE; MARY VERNER; JOE SHOGAN; NANCY MCLAUGHLIN; MIKE ALLEN; AL FRENCH; STEVE CORKER; RICHARD RUSH,<br><br>        Defendant. | NO. CV-09-0354-EFS<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS, ENTERING JUDGMENT, AND CLOSING FILE** |

Plaintiff Brad Chinn exercised judicial prudence prior to challenging a land use decision made by the City of Spokane ("the City"). Nonetheless, Mr. Chinn was denied the opportunity to become a Spokane municipal court judge because of his First Amendment protected activity. Unfortunately, this Court is unable to provide Mr. Chinn with relief because he did not have a protectible property interest in the municipal court judgeship and Defendants enjoy common law legislative immunity. This Order memorializes and supplements the Court's oral rulings from the April 21, 2010 hearing.[1]

---

[1] Mr. Chinn was represented by Karen Lindholdt. The City and Defendant Mayor Mary Verner were represented by Milton Rowland; Defendant

ORDER ~ 1

**A. Background**[2]

On May 19, 2008, Mr. Chinn filed a land use petition challenging the Spokane City Planning Department's approval of a 150-foot-tall structure in a neighborhood with a 35-foot height zoning restriction. The respondents in the land use action were the City and the owner of the property, West Central Development, LLC, which is owned by Dr. Marcus DeWood and his wife.[3]

Because Mr. Chinn was a Spokane County District Court Commissioner, he contacted a Spokane District Court Judge, the City Prosecutor, the City's Acting Attorney, and Washington Judicial Conduct Commission Legal

---

Richard Rush was represented by Laura McAloon; Defendants City Council President Joe Shogan and City Council Members Nancy McClaughlin, Mike Allen, Al French, and Steve Corker were represented by Mike Williams.

[2] At the motion to dismiss stage, the Court accepts all material factual allegations in the Amended Complaint (Ct. Rec. 14) and draws any reasonable inferences therefrom. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). Even though an amended complaint was filed, the Court considers the letter attached to the initial complaint (Ct. Rec. 2) because Defendants raised no objection to the consideration of this letter at the hearing. In addition, the Court takes judicial notice of the ordinances and City documents attached to the Defendants' response. (Ct. Rec. 16-1 & 16-2.)

[3] Dr. DeWood previously contributed to City Council Members Nancy McLaughlin's and Mike Allen's campaigns.

ORDER ~ 2

Counsel prior to filing the land use petition. These individuals advised Mr. Chinn that they did not believe that the proposed land use petition would conflict with Mr. Chinn's Court Commissioner responsibilities.

In 2008, rather than rely on Spokane County to prosecute municipal misdemeanor and gross misdemeanor offenses, the City took steps to create a municipal court system. On December 1, 2008, municipal ordinances, which were to become effective on January 1, 2009, were enacted to establish the municipal court system. Spokane Mun. Code §§ 05A.01.010 *et seq.* Pursuant to Spokane Municipal Code § 05A.05.010.A, the mayor had until January 31, 2009, to "appoint a municipal judge or judges subject to confirmation by the city council." To facilitate this process, the City advertised for three municipal court judgeships in December 2008.

On December 4, 2008, the City Attorney, who knew of Mr. Chinn's land use petition, asked Mr. Chinn to apply for a municipal court judgeship. On December 22, 2008, Mr. Chinn was advised by the City Human Resources Director that he was selected as a municipal court judge. The following day, Mr. Chinn received a letter from Mayor Verner appointing him for a municipal court judgeship. This letter contained a form for Mr. Chinn to return to indicate whether he desired to serve as a municipal court judge.

Then, on December 24, 2008, Mayor Verner spoke with Council President Shogan and other City Council Members. These individuals advised Mayor Verner that Mr. Chinn had a conflict of interest due to his land use petition and therefore they would not confirm his appointment. Later that day, Mayor Verner called and left a message for Mr. Chinn, advising that she did not have a majority of the City Council votes

ORDER ~ 3

needed to confirm him as a municipal court judge and, therefore, she was withdrawing the appointment. Mayor Verner formally withdrew the appointment on December 25, 2008. Thereafter, Mayor Verner appointed Tracy Staab, Mary Logan, and Michelle Szambelan as Spokane Municipal Court Judges, and the City Council confirmed these appointments on January 2, 2009.

On December 26, 2008, City Council President Shogan told a Spokane newspaper reporter that the City Council did not appoint Mr. Chinn because of his land use petition. Because of Defendants' negative portrayal of Mr. Chinn during this appointment process, Mr. Chinn was unable to run in the municipal court election in November 2009 and he suffered resulting economic losses, emotional distress, and public humiliation.

Mr. Chinn filed this lawsuit on November 30, 2009, alleging that Defendants violated his First Amendment right to petition the government. Defendants seek dismissal of the lawsuit because 1) Mr. Chinn fails to state a claim upon which relief can be granted and 2) the individual Defendants are entitled to immunity.

**B.   Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the right to relief above the speculative level. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). Conversely, a complaint may not be dismissed for failure to

ORDER * 4

state a claim where the allegations plausibly show that the pleader is entitled to relief. *Twombly*, 550 U.S. at 555.

**C.  Authority and Analysis**

The First Amendment states, "Congress shall make no law . . . abridging the freedom of speech, . . . or the right of the people peaceably to assemble, and to petition the government for a redress of grievances." Mr. Chinn seeks recovery for the damages caused by the alleged violation of his First Amendment right to petition the government for redress, pursuant to 42 U.S.C. § 1983. Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress,. . . .

42 U.S.C. § 1983. A successful claimant must show a deprivation of a federal statutory or constitutional right by an individual acting under color of law. *Azer v. Connell*, 306 F.3d 930, 935 (9th Cir. 2002). In the confines of a § 1983 First Amendment wrongful retaliation claim, the claimant must show that 1) he engaged in protected speech, 2) the defendant took an adverse employment action against him, and 3) his speech was a substantial or motivating factor for the adverse employment action. *See Thomas v. City of Beaverton*, 379 F.3d 802, 808 (9th Cir. 2004).

For purposes of this motion, Defendants do not challenge that Mr. Chinn engaged in constitutionally-protected speech when he challenged the City's decision to approve the building height variance. Defendants do challenge that 1) an adverse employment action was taken against Mr.

ORDER * 5

Chinn and 2) Mr. Chinn's speech was a substantial or motiving factor for the adverse employment action. In addition, Defendants submit they are entitled to absolute legislative immunity or, at a minimum, qualified immunity.

1.  Adverse Employment Action

To claim an adverse employment action, an individual must have a protectible property interest in the employment position. "Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Allen v. City of Beverly Hills*, 911 F.2d 367, 369-79 (9th Cir. 1990). "A government employee has a constitutionally protected property interest in continued employment when the employee has a legitimate claim of entitlement to the job." *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1971)).

Mr. Chinn is not claiming a protected property interest in *continued* employment, but rather he is claiming a protected property interest in a *new* position - a municipal court judgeship. The terms of the municipal court judgeship are governed by statute, not by contract. *See Weber v. State Dep't of Corr.*, 78 Wn. App. 607 (1995) (holding that state employment is defined by statute, not by contract). Under the terms of the City ordinance, mere appointment by the mayor was insufficient to create a legitimate claim of entitlement to a municipal court judgeship: confirmation of the appointment by the City Council was required. Mayor Verner's appointment was never confirmed by the City Council, and in fact was withdrawn. Therefore, under the alleged facts, it is clear that Mr.

ORDER ~ 6

Chinn has no legitimate claim of entitlement to a municipal court judgeship: the claimed express or implied-in-fact contract between Mr. Chinn and Mayor Verner is irrelevant. Mr. Chinn fails to state a retaliation claim under § 1983 because he was not subject to an adverse employment action.[4] *See Kraus v. Ky. State Senate*, 782 S.W.2d 433, 438-39 (Ky. Sup. Ct. 1993) (finding that individual who was advised that he would be appointed an administrative law judge subject to senate approval, but then later rejected, did not have a vested right to an administrative law judge position); *Hernando v. Hamamoto*, No. 07-00620-DAE-BMK, 2008 WL 1912445 at 7 (D. Hawaii April 29, 2008) (unpublished opinion) (ruling that the failure to extend an interview to the plaintiff was an adverse employment action because the plaintiff was not an employee; "[N]o authority supporting the proposition that there is a requirement to interview a job applicant pursuant to the First Amendment."); *Angello v. CNMI Public School Sys.*, 166 F.3d 342, *2 (9th Cir. 1998) (unpublished opinion) ("If expectation of employment is not a property right, it is obvious that an applicant for a job has no constitutionally protected property right to an interview for the position." (internal citation removed)). Therefore, Defendants' motions

---

[4] Mr. Chinn also fails to allege sufficient facts establishing that the filing of his petition was a substantial or motivating factor for the "adverse employment action." Mr. Chinn seeks leave to amend his complaint to add such facts and to remove reference to "respondeat superior." The Court finds amendment is futile because Mr. Chinn did not suffer an adverse employment action.

ORDER ~ 7

are granted because the complaint fails to state a § 1983 wrongful retaliation claim.

   2.  <u>Absolute Legislative Immunity</u>

Defendants also contend that they enjoy absolute legislative immunity. It is undisputed that local legislators enjoy absolute immunity from civil liability for their legislative activities: this principle is based on common law. *Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998). The parties dispute, however, whether Defendants were engaging in legislative activity. Notwithstanding the Ninth Circuit's "muddying" of the "legislative activity" test, the Court agrees that Defendants enjoy legislative immunity.

In *Bogan*, the Supreme Court stated, "[w]hether an act is legislative turns on the nature of the act," whether the actions "were integral steps in the legislative process," and whether it "reflected a discretionary, policy making decision." *Id.* at 54-55. The Supreme Court also emphasized that an act that is mandatory and thus ministerial is not a legislative act entitled to absolute immunity. *Id.* at 51-52. Under the facts before it, the Supreme Court determined that the city council acted legislatively when it passed a budget eliminating a department with a single employee because the "ordinance reflected a discretionary, policymaking decision implicating the budgetary priorities of the city and the services the city provides to its constituents." *Id.* at 55-56.[5]

---

[5] The Supreme Court also determined that the mayor was entitled to absolute immunity because the "introduction of a budget and signing into law an ordinance also were formally legislative, even though he was an

ORDER * 8

Following *Bogan*, the Ninth Circuit decided *Bechard v. Rappold*, 287 F.3d 827 (9th Cir. 2002). Without an explanation, the Ninth Circuit continued to use its pre-*Bogan* two-factor test to determine whether an act was legislative: 1) "whether the act involves ad hoc decisionmaking, or the formulation of policy," and 2) "whether the act applies to a few individuals, or to the public at large." *Id.* at 829. After applying this test, the Ninth Circuit also applied the *Bogan* test, summarizing the *Bogan* test as "whether the action for which immunity is sought is 'formally legislative [in] character' and whether it bears 'all the hallmarks of traditional legislation.'" *Id*. (quoting *Bogan*, 423 U.S. at 55). Under both tests, the Ninth Circuit determined that the county commissioners' termination of an employee, which was neither on the record nor discussed at a public meeting, was not legislative action and therefore denied absolute immunity. *Id.* at 831-32.

In 2003, the Ninth Circuit addressed legislative immunity again in *Kaahumanu v. County of Maui*, 315 F.3d 1215 (9th Cir. 2003). In *Kaahumanu*, the Ninth Circuit combined the two tests and determined that the analysis involved a nonexclusive four-factor test:

> (1) whether the act involves ad hoc decisionmaking, or the formulation of policy, (2) whether the act applies to a few individuals, or to the public at large, (3) whether the act is formally legislative in character, and (4) whether it bears all the hallmarks of traditional legislation.

---

executive official . . . [because] officials outside the legislative branch are entitled to legislative immunity when they perform legislative functions; [the mayor's] actions were legislative because they were integral steps in the legislative process." *Id.* at 55.

ORDER ~ 9

*Id.* at 1220 (internal quotation marks and citations removed).

As this Court must abide by Ninth Circuit jurisprudence, and because the Ninth Circuit test is consistent with the legislative-immunity principles articulated in *Bogan*, the Court applies this nonexclusive four-fact test.

### 1. *Ad hoc decisionmaking v. formulation of policy*

The City passed ordinances establishing a municipal court system. Although the decision to establish the municipal court system involved the formulation of policy, the decision to appoint and confirm a particular individual as a municipal court judge is an ad hoc decision. This factor weighs against a legislative act finding.

### 2. *Act applies to a few individuals or to the public at large*

Although the act of appointing and confirming a specific judge involves a limited number of individuals, the Court finds this factor favors a legislative act because the public at large is ultimately impacted by the determination of who is confirmed as a judge. The Court recognizes that "[e]very decision by a local legislature can be described as one made in the best interests of the public," and therefore simply because a vote was ultimately held does not necessarily determine whether an act applies to the public. *Trevino v. Gates*, 23 F.3d 1480, 1483 (9th Cir. 1994). Nonetheless, the public is greatly impacted by whom serves as the municipal court judge. Therefore, this factor weighs in favor of finding a legislative act.

### 3. *Character of the act*

*Bogan* directs the Court to "strip" "all considerations of intent and motive" when determining the character of an act. *Bogan*, 523 U.S. at 54.

ORDER \* 10

After stripping away Defendants' claimed intent and motive, the Court finds the character of the claimed acts, i.e., the appointment by Mayor Verner, the advisement by City Council members that they would not confirm Mr. Chinn's appointment, and Mayor Verner's withdrawal of the appointment, was legislative. Under the ordinance, the Mayor's judicial appointment began the legislative process of selecting a judge. The interaction between the Mayor and the City Council regarding the appointment was integral to the legislative process. Further, a City Council member may engage in research and communication upon learning of an appointee to determine whether to confirm the appointee. In summary, this factor weighs in favor of a legislative act.

    4.   *Hallmarks of traditional legislation*

The critical conduct at issue — communications regarding appointment and confirmation and then withdrawal of an appointment — bear the hallmarks of traditional legislation. This factor weighs in favor of finding a legislative act.

    5.   *Conclusion*

In summary, the Court finds Mayor Verner's withdrawal of the appointment and the Council members' comments regarding their decision not to confirm Mr. Chinn are legislative acts and, therefore, the Mayor and the City Council members enjoy absolute legislative immunity. *See Schlitz v. Virginia*, 854 F.2d 43, 46 (4th Cir. 1988) ("The decision of the Assembly to elect a state judge involves a core legislative function. It involves deliberative and communicative processes by legislators at the committee level through a vote on the floor of both houses of the Assembly."); *Holley v. City of Roanoke*, 162 F. Supp. 2d 1335, 1342 (M.D.

ORDER ~ 11

Ala. 2001) ("In the instant case, the act of voting on the reappointment of a Board of Education member was purely legislative. . . . [The mayor] shares in the [city councils'] immunity in this case because she was engaging in the legislative process by presiding over the meetings of the City Council."); *Farrington v. City of Richfield*, 488 N.W.2d 13, 16 (Minn. Ct. App. 1992) ("Appointments to legislative positions are legislative acts . . . . In making the appointment, the city council acted on behalf of the electorate."). The application of this non-exhaustive four-part test results in a ruling favorable to Defendants and unfortunately does not lessen the blow to Mr. Chinn, who may have lost an opportunity to serve as a municipal court judge simply because of his exercise of a cherished fundamental right.[6] The diligence and prudence that Mr. Chinn exercised by contacting appropriate officials prior to filing his land use petition evidenced the very qualities that the public seeks in a judge.

**C.  Conclusion**

For the reasons given above, **IT IS HEREBY ORDERED**:

1.   Defendants City of Spokane and Verner's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) **(Ct. Rec. 15)** is **GRANTED**.

2.   Defendants Shogan, McLaughlin, Allen, French, and Corker's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) **(Ct. Rec. 21)** is **GRANTED**.

3.   Defendant Rush's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and Motion to Join in Motions to Dismiss by Defendants City of

---

[6] Because Defendants enjoy absolute legislative immunity, the Court need not reach Defendants' qualified immunity arguments.

ORDER * 12

Spokane, Verner, Shogan, McClaughlin, Allen, French and Corker Pursuant to Fed. R. Civ. P. 12(g) **(Ct. Rec. 24)** is **GRANTED**.

4. All dates and deadlines set forth in the Scheduling Order **(Ct. Rec. 34)** are **STRICKEN**.

5. Judgment shall be entered in Defendants' favor **with prejudice**.

6. This file shall be **CLOSED**.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and forward a copy to counsel.

**DATED** this 17th day of May 2010.

s/Edward F. Shea<br>EDWARD F. SHEA<br>United States District Judge

Q:\Civil\2009\0354.dismiss.wpd

ORDER * 13